UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BLANCA ROBLES, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0086-B |
| | § | |
| ROSS STORES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ross Stores, Inc.'s Motion for Summary Judgment. Doc. 21. For the reasons explained below, Defendant's motion is **GRANTED**.

## I.

## BACKGROUND[1]

This is a premises liability case concerning a slip-and-fall at a Ross department store. Plaintiff Blanca Robles was shopping at the Ross store in Mesquite, Texas in the middle of the day with her mother and sister. Doc. 22, Def.'s Br. in Supp. of Mot. for Summ. J. 3 [hereinafter Def.'s Br.]. After being in the store for approximately half an hour, Blanca Robles fell in the women's clothing department. *Id.* Her mother was in another department at the time and did not witness her fall. *Id.* Her sister was on a different aisle in the women's department, but it is unclear whether the sister witnessed the fall. *Id.* A Ross employee standing a few feet away did not observe the fall but heard

---

[1]This factual history is drawn from Plaintiff's Original Petition (Doc. 1-3) and the parties' summary judgment briefing. Any disputed fact is noted as the contention of a particular party.

a noise and turned around to see Plaintiff sitting on the ground. *Id.*

Plaintiff admits she did not see what she tripped on, but after falling she noticed a "size nub" stuck to the bottom of her shoe. *Id.* "Size nubs," as the parties describe them, are small, cylindrical tags which clip onto clothing hangers and are marked with different letters—"S," "M," "L," "XL," etc.—indicating the clothing's size. *Id.* Size nubs are roughly the size of a dime and come in various colors. Doc. 27, Pl.'s Br. in Resp. to Def.'s Mot. for Summ. J. 11, 17, 19 [hereinafter Pl.'s Resp.].[2] Plaintiff indicated to the Ross employee that she had tripped on a size nub. Doc. 22, Def.'s Br. 3. The Ross employee noticed three size nubs on the ground near Plaintiff: a red one, a black one, and a yellow one. *Id.* at 4. Two were in the aisle, and one was under a clothing rack. *Id.* The floor where Plaintiff fell was white. *Id.*

Immediately prior to the incident, approximately five or at most ten seconds before, the Ross employee had walked through the exact area where Plaintiff fell and observed no size nubs on the floor. Doc. 27, Pl.'s Resp. 4. The employee had, however, noticed a pair of sunglasses on the ground and picked them up. *Id.* at 5. Additionally, evidence establishes that Ross employees do walk-throughs of every department to "recover" items from the floor every 30 minutes. Doc. 22, Def.'s Br. 4. Plaintiff also admitted that she was not looking at the floor in front of her as she was walking down the aisle and that if she had been she thinks she would have seen the size nubs. *Id.* at 3.

Plaintiff filed her Original Petition in state court on November 30, 2015, alleging negligence and premises liability. Doc. 1-3, Pl.'s Orig. Pet. 9–11. Defendant answered in state court on January 7, 2016 (Doc. 1-3, Def.'s Answer 21–23), and removed the case to this Court on January 12, 2016,

---

[2]Because the pages of Plaintiff's response brief are not numbered, the page number references in this Order are to those assigned by the Clerk's Office.

based on diversity. Doc. 1, Notice of Removal. Defendant then filed the present motion for summary judgment on December 22, 2016. Doc. 21, Def.'s Mot. for Summ. J. Plaintiff's counsel missed the deadline for filing a response and requested an extension (Doc. 24), which the Court granted (Doc. 25). Plaintiff responded (Doc. 27), and Defendant replied (Doc. 31). Therefore, Defendant's motion for summary judgment is ripe for review.

## II.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007). And a fact "is 'material' if its resolution could affect the outcome of the action." *Id.*

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). But if the non-movant ultimately bears the burden of proof at trial, the movant may satisfy its burden just by pointing to the absence of evidence supporting the non-movant's case. *Id.* at 322–23.

If the movant meets that burden, then it falls to the non-movant to "show with significant probative evidence that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*,

232 F.3d 473, 477 (5th Cir. 2000) (internal quotation marks omitted) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). And significant probative evidence is just that: significant. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). "[M]etaphysical doubt as to material facts," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence" will not do. *Id.* (internal citations and quotation marks omitted). Rather, "the non-movant must go beyond the pleadings and present specific facts indicating a genuine issue for trial." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (citing *Celotex*, 477 U.S. at 324).

To be sure, the court views evidence in the light most favorable to the non-movant when determining whether a genuine issue exists. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But it need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Simply put, the non-movant must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports [its] claim." *Id.* If it cannot, then the court must grant summary judgment. *Little*, 37 F.3d at 1076.

### III.
### ANALYSIS

Before turning to the merits of Defendant's motion, the Court first clarifies that the only claim in this case is one for premises liability. Although Plaintiff's Original Petition appears to plead two separate causes of action—one for negligence and one for premises liability—as Defendant notes in its motion for summary judgment, the allegations in this case "sound only in premises liability."

Doc. 22, Def.'s Br. 1, 6–7.

"In Texas, when an injury arises on a premises, two potential causes of action generally arise against the premises owner and/or occupier—negligent activity and premises liability." *U.S. Dist. Court S. Dist. of Tex. Hous. Div. Charles Plata v. Chipotle Mexican Grill, Inc.*, H-15-2436, 2016 WL 126420, at *1 (S.D. Tex. Jan. 12, 2016). "Although negligent activity and premises liability claims are branches of the same tree, they are conceptually distinct: '[N]egligent activity encompasses a malfeasance theory based on affirmative contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). "Distinguishing between these two causes of action can be tricky: 'The lines between negligent activity and premises liability are sometimes unclear, since almost every artificial condition can be said to have been created by an activity.'" *Id.* (quoting *Del Lago*, 307 S.W.3d at 776). Here, however, it is clear that Plaintiff can recover only, if at all, on a premises liability theory.

When an alleged injury is caused by a condition created by some activity rather than by the activity itself, a plaintiff is limited to a premises defect theory of liability. *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 579 (S.D. Tex. 2012) (citing *Lucas v. Titus Cty. Hosp. Dist./Titus Cty. Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, no pet.)); *see also Austin*, 746 F.3d at 197 (concluding that "[plaintiff] cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury") (emphasis in original).

The entirety of Plaintiff's factual allegations in her Original Petition are as follows:

## VIII. CAUSE OF ACTION

On or about April 22, 2014, Plaintiff was browsing for, or shopping, merchandise at Defendant's business premises at 19113 Lyndon B Johnson Freeway, Mesquite, Texas ("premises"), when she fell after stepping on a size nub/plastic label or tag which was on the floor of said premises. The size nub/label/tag on the floor presented an unreasonably dangerous condition for invitees of the premises, such as the Plaintiff. At all relevant times, Defendant owned, possessed, maintained and/or controlled the premises, fixtures, display racks and instrumentalities involved in the incident in question, including the hangers and nubs/labels/tags for the display and sale of merchandise at the premises. Defendant owed a duty to provide its invitees with a reasonably safe premises, or to warn invitees that an unreasonably safe [sic] condition on the premises existed. However, Defendant did not provide the Plaintiff with a reasonably safe premises nor did Defendant warn the Plaintiff that an unreasonably safe [sic] condition on the premises existed.

The dangerous condition complained of existed long enough to give Defendant a reasonable opportunity to discover and correct the condition, which the establishment failed to do. Accordingly any reasonable person could believe that Plaintiff has a cause of action, based on the facts described herein. It was Defendant's negligence and negligence *per se* that proximately caused Plaintiff's injuries and resulting damages.

## IX. NEGLIGENCE

Defendant's acts or omissions constituted negligence in [sic]following acts of negligence, to wit:
a. In staging clothes for display in such a way that it caused size nubs/labels/tags to separate from their hangers and fall to the floor of the premises;
b. In failing to maintain a safe environment and supervise employees, agents, or workers;
c. In failing to properly train employees, agents, and workers in the safe maintenance of the premises floors;
d. In failing to properly train employees, agents, and workers concerning floor maintenance to ensure safety, allowing customers, such as Plaintiff to avoid foreseeable injury;
e. In failing to properly train employees to be attentive and mindful of objects on the floor which could present an unreasonably safe [sic] condition; and
f. In failing to act as a reasonably prudent person and/or employer would have done under the same or similar circumstances;

Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiff sustaining injury and damages that are described below. As a result, Plaintiff's cause of action arises out of a basis of law, thus entitling

> Plaintiff to the relief sought.
>
> ### X. PREMISES LIABILITY
>
> Defendant owned and controlled the premises and operations where the incident forming the basis of this lawsuit occurred. Plaintiff entered Defendant's premises with Defendant's knowledge and for their mutual benefit. Specifically, Plaintiff was an invitee and/or customer, acting reasonably, on the property belonging to Defendant. The conduct of Defendant, by failing to keep a safe area for invitees and/or customers on its premises, was the proximate cause of Plaintiff's damages in the following acts of negligence, to wit:
> a. In failing to remove the plastic size nub/tag/label involved in Plaintiff's incident;
> b. In failing to inspect the floor of the premises to keep it clear from slip and fall hazards;
> b. [sic] In failing to place warnings to warn Plaintiff and others about slip and fall hazards;
> d. In failing to provide a safe area for its invitees and/or customers in order to avoid injuries;
> e. In failing to provide safe walking area for its invitees and/or customers to use; and
> f. In failing to place any type of warning or signs on the premises notifying their invitees and/or customers of a possibly dangerous condition on the premises;
> g. In failing to design a premises and housekeeping processes to prevent potential exposure to hazards;
> h. In failing to maintain clear and orderly areas on the premises;
> i. In failing to timely inspect the premise [sic] in order to discover any dangerous conditions;
> j. In failing to timely observe and inspect the premises in order to correct any unsafe practice or condition, or take any preventative measures, in order to protect invitees on the premises, such as Plaintiff from foreseeable accidents;
> k. In failing to take adequate precautions to protect the Plaintiff from dangers that could result at the premises.
>
> Defendant, therefore breached the duty of ordinary care, thereby proximately causing Plaintiff's injuries complained of herein.

Doc. 1-3, Pl.'s Orig. Pet. 9–11.

Plaintiff has not alleged that any contemporaneous negligent activity of Defendant caused her injury; rather, all of her allegations point to Defendant's alleged nonfeasance which created a condition on the premises that led to her slip and fall. *See Allen v. Wal-Mart Stores Tex., LLC*, Civ.

A. No. H-14-3628, 2015 WL 1955060, at *5–6 (S.D. Tex. Apr. 29, 2015) ("In sum, [plaintiff] cannot raise a premises-based claim of negligent activity against Wal-Mart based on alleged employment-based negligence, i.e., failures in hiring, training, supervision or retention of employees and that Wal-Mart is liable for failing to engage in such activity. Negligent activity claims require affirmative, contemporaneous conduct to impose liability rather than the failure to engage in affirmative conduct."); *see also McCarty v. Hillstone Rest. Grp.*, No. 3:15-CV-518-L, 2015 WL 4920013, at *3–4 (N.D. Tex. Aug. 18, 2015) (finding "Plaintiff's allegations regarding Defendants' failure to maintain the premises or train employees involve nonfeasance" and therefore "Plaintiffs have not asserted any facts relating to Defendants' *affirmative, contemporaneous* conduct") (emphasis in original). Therefore, the Court construes Plaintiff's claim, and Defendant's motion for summary judgment thereon, as a claim for premises liability only.[3] The Court turns now to the merits of Defendant's motion for summary judgment.

Premises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Under Texas premises liability law, a merchant owes to its invitees a duty to exercise reasonable care to protect them from dangerous store conditions known to or discoverable by the merchant. *Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 601 (N.D. Tex. 2006) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000)). Accordingly, a plaintiff must prove the

---

[3]Notably, Plaintiff did not challenge Defendant's contention that her case sounds only in premises liability. Doc. 27, Pl.'s Resp. 1 (in Plaintiff's own words "Plaintiff's claims and causes of action arise from a slip and fall involving cylindrical 'size nubs' spread on the floor at Defendant's retail premises in Mesquite, Dallas County, Texas. Plaintiff sustained injuries to her right knee cap and meniscus. Thus, *this is a premises liability case*.") (emphasis added).

following elements: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

In its motion for summary judgment, Defendant challenges the first and third elements of Plaintiff's premises liability claim. First, Defendant argues that Plaintiff has no evidence that Defendant had actual or constructive knowledge of the presence of the size nubs on which Plaintiff tripped, thus negating the first element. Doc. 21, Def.'s Mot. for Summ. J. 2. And second, Defendant contends that the size nubs were an open and obvious condition, thus negating Defendant's duty to exercise reasonable care implied by the third element. *Id.*[4]

A.   *Defendant's Actual or Constructive Knowledge*

"Under Texas law, a premises owner's knowledge of a potentially harmful condition can be established in one of the following three ways: (1) proof that employees caused the harmful condition; (2) proof that employees either saw or were told of the harmful condition prior to the

---

[4] While Defendant's motion (Doc. 21, Def.'s Mot. for Summ. J. 2) and the "Summary" and "Arguments and Authorities" sections of its brief (Doc. 22, Def.'s Br. 1, 5–12) address only these two elements, there is a single, confusing reference in the "Summary of the Brief" section of Defendant's brief to "causation." Doc. 22, Def.'s Br. 2 ("Plaintiff fails on at least two elements of her premises liability claim: notice and causation."). Plaintiff perceived this discrepancy and therefore stated that she would "show that there are genuine issues of material fact as to each element of her premises liability action" (Doc. 27, Pl.'s Resp. 2), after which Plaintiff proceeds to meld the elements of a premises liability claim listed above with the traditional elements of a negligent activity claim throughout her response. For purposes of this Order, the Court assumes the passing reference to "causation" in the "Summary of the Brief" section of Defendant's brief was not meant to actually challenge the causation element of Plaintiff's premises liability claim on summary judgment, as neither Defendant's motion nor its brief provide any argument for this contention. Therefore, the Court construes Defendant's motion for summary judgment as challenging only the first and third elements of Plaintiff's premises liability claim.

plaintiff's injury therefrom; or (3) proof that the harmful condition was present for so long that it should have been discovered in the exercise of reasonable care. *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 892 (5th Cir. 2000) (citing *Keetch*, 845 S.W.2d at 264). There is no evidence in this case that Defendant either placed the size nubs on the floor or was actually aware of them. Thus, Plaintiff could rely only on a constructive knowledge theory.

"For a plaintiff to succeed in establishing the property owner's constructive knowledge of a hazardous condition, the plaintiff must show that the hazardous condition existed for some definite length of time." *Sturdivant*, 464 F. Supp. 2d at 602 (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002)). This so-called "time-notice rule" is "firmly rooted in [Texas] jurisprudence" and is "based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Reece*, 81 S.W.3d at 815, 816. "This rule, while harsh and demanding on plaintiffs is nevertheless well established and plaintiffs must always discharge the burden of proving that the dangerous condition was either known to the defendant or had existed for such a length of time that he should have known it." *Henderson v. Pipkin Grocery Co.*, 268 S.W.2d 703, 705 (Tex. App.—El Paso 1954, writ dism'd). It "emerged from [the Supreme Court of Texas's] reluctance to impose liability on a storekeeper for the carelessness of another over whom it had no control or for 'the fortuitous act of a single customer' that could instantly create a dangerous condition." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006) (quoting *Reece*, 81 S.W.3d at 815–16). The Fifth Circuit, applying Texas law, has found that as long as 45 minutes was not a long enough period of time to impute constructive knowledge of a condition of a premises. *See Threlkeld*, 211 F.3d at 887 (reversing judgment on jury verdict in favor of plaintiff because as a matter of law no reasonable juror could conclude that the condition existing

"for, at the most, forty-five minutes" was "present for so long a time as to give [defendant] actual or constructive knowledge of its presence under Texas law").

Here, Plaintiff has provided no evidence of how long the size nubs were on the floor. Although Plaintiff stated that she believed they must have been there since the store opened, she indicated that her only reason for believing so was because they were there when she fell. Doc. 23, Def.'s App. 13. But "[a] speculative, subjective opinion as to how long an item has been on the floor is not sufficient." *Garcia*, 896 F. Supp. 2d at 580 (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937–38 (Tex. 1998)). Plaintiff has no idea—and more importantly no evidence—of how long the nubs were on the floor or how they came to be there. Plaintiff admits that she did not see the nubs before she fell, that she has no idea what had taken place on the aisle before she got into the store, and that she did not know the last time a Ross employee had been down the aisle before she fell. Doc. 23, Def.'s App. 13–14. Defendant, on the other hand, points to testimony from the store manager indicating that every 30 minutes, including on the day in question, employees trained to pick things up off the floor do walk-throughs of the entire store looking for things to pick up. *Id.* at 23–32. Additionally, only seconds before Plaintiff fell, a store employee specifically looking for things on the floor had been down the very same aisle and did not see any nubs on the floor. *Id.* at 70–71. The employee had, however, seen a pair of sunglasses on the floor and picked those up. Doc. 28, Pl.'s App. 17. Thus, Plaintiff has no evidence of how long the size nubs had been on the floor. Indeed, the available evidence suggests they could have been there only a matter of seconds before Plaintiff tripped on them.

Plaintiff's entire argument in response points to a single Texas Supreme Court case—*Corbin v. Safeway Stores, Inc.*—to argue that Defendant need not have been actually or even constructively

aware of the particular nubs on which Plaintiff tripped, as long as Defendant was generally aware that nubs sometimes fall on the floor. Doc. 27, Pl.'s Resp. 6–9. In *Corbin*, the plaintiff slipped on a green grape which fell from an open, slanted self-service grape bin onto a green linoleum floor. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 294 (Tex. 1983). Safeway acknowledged that it was aware of the slip-and-fall risk associated with the grape display and therefore had a company policy requiring each store to keep large non-skid, non-slip mats in front of the displays. *Id.* There was no mat, however, in front of the grape display on the day the plaintiff fell. *Id.* Therefore, the Texas Supreme Court held that the plaintiff had "a right to have a jury determine the storeowner's liability, even in the absence of evidence showing the storeowner's actual or constructive knowledge of the presence on the floor of the specific object causing the fall." *Id.* at 295.

Plaintiff attempts to analogize to *Corbin*, citing to statements by a Ross employee acknowledging that from time to time size nubs become detached from their hangers, people sometimes kick them around the store, and when kicked they scoot or roll across the floor. Doc. 27, Pl.'s Resp. 8–9. Plaintiff argues that this evidence is similar to the evidence in *Corbin* and establishes "Plaintiff's right to have a jury determine Defendant's liability, even in the absence of evidence showing Defendant's actual or constructive knowledge of the presence in the floor of the specific nubs causing Plaintiff's fall, just like the *Corban* [sic] Court found that the evidence that customers frequently either knock grapes of [sic] their stems or drop them, creating a great risk that someone will subsequently step on a slippery grape peel and fall to the floor established Corban's [sic] right to have a jury determine Safeway's liability, even in the absence of evidence showing Safeway's actual or constructive knowledge of the specific grapes causing Corbin's fall." *Id.* at 9.

As Defendant points out, however, *Corbin* is easily distinguishable from the present case.

First, the Court notes that *Corbin*—a case distinguished from other cases nearly as frequently as it is cited approvingly—is somewhat of an anomaly in Texas premises liability jurisprudence in the first place. Indeed, "[t]he Texas Supreme Court has limited *Corbin* to its facts, and, generally, courts require that plaintiffs show notice." *Garcia*, 896 F. Supp. 2d at 580 (collecting cases). And second, as Defendant notes, there is a distinction to be made between Safeway's knowledge of the unusually high risk of slip-and-falls associated with the grape display in *Corbin* and Defendant's acknowledgment here that size nubs occasionally become detached and can roll when kicked. In *Corbin*, "Safeway admitted that at the time of Corbin's fall it knew of [the] unusually high risk associated with its grape display." *Corbin*, 648 S.W.2d at 296. But the "unusually high risk" of which Safeway was aware was not merely that grapes occasionally fell on the floor and roll when kicked; rather, it was that customers were likely to slip and fall on grapes on the floor because they created a slippery mess when stepped on and were hard to see on the green linoleum floor. *Id.* To combat this known risk of potential slip-and-falls, Safeway had a company policy of placing non-slip mats in front of the displays; however, there was evidence that no mat was present on the day the plaintiff fell, which the court repeatedly noted and found important. *Id.* at 294–95, 297 ("The testimony of the two Safeway employees provides some probative evidence that the self-service grape bin in conjunction with the absence of any covering on the store's green linoleum tile floor posed an unusually high risk of customer falls resulting from grapes dropped on the floor.").

In the present case, however, the evidence at best demonstrates that Defendant was aware of the "risk" that size nubs may become detached from their hangers and fall to the floor.[5] But

---

[5] The testimony of Defendant's employee was actually that size nubs do fall on the ground "from time to time," but that it would require some sort of "manipulation" to remove them from hangers because of the

Plaintiff presented no evidence that size nubs on the floor generally create a known "risk" of slipping and falling, as was present in *Corbin*. Instead, the facts of this case are more similar to a case out of the Southern District of Texas which also involved Ross Stores, Inc., *Garcia v. Ross Stores, Inc.*

In *Garcia*, the plaintiff slipped on a hanger on the floor of the women's department of a Ross department store. *Garcia*, 896 F. Supp. 2d at 577. The plaintiff did not see the hanger prior to her fall and did not know how long the hanger had been on the floor. *Id.* Just as in this case, Defendant had policies in place to "recover" items from the floor. *Id.* Along with the regular "recovery" walk-throughs, the evidence also established that employees had walked the area of the incident in the hour before the fall. *Id.* The plaintiff in *Garcia*, like the plaintiff in this case, also attempted to rely on *Corbin* to establish the defendant's constructive knowledge of the hanger. *Id.* at 580. The court, however, noted that "*Corbin* was exceptional because the defendant was aware that the area in which the plaintiff fell, near a grape bin, was unusually hazardous. In fact, the defendant had a store policy that mats were required near the grape bins, but defendant had failed to place the mats." *Id.* (internal citation omitted). The court in *Garcia* noted evidence that "a number of individuals were tasked with recovery every thirty minutes"; a store employee "walked along the shortage highway next to the women's clothing . . . thirty minutes before the incident . . . and did not see a hanger on the ground"; family members with the plaintiff "did not see the hanger . . . before the fall"; and plaintiff could provide no "contradictory evidence to indicate how long the hanger was on the ground before [plaintiff] fell." *Id.* at 581. Therefore, the court found that the plaintiff had "not adduced evidence to establish a genuine issue of material fact that Ross had actual or constructive

---

"little grippers on the inside of them." Doc. 28, Pl.'s App. 19, 23.

notice of the hanger." *Id.*

Likewise, in this case, Plaintiff has provided no evidence whatsoever of how the specific size nubs on which Plaintiff fell came to rest on the floor, or that they were present long enough that Defendant could be charged with constructive knowledge of them. Nor has Plaintiff presented evidence that Defendant's employee's acknowledgment that size nubs occasionally end up on the floor warrants application of *Corbin* such that constructive knowledge can be imputed. Therefore, Plaintiff has not raised a genuine issue of material fact with regard to the actual or constructive knowledge element of her premises liability claim. Because Plaintiff has presented no evidence of Defendant's actual or constructive knowledge, summary judgment is **GRANTED** for Defendant. Although summary judgment is warranted based on Plaintiff's failure on this element alone, the Court will also briefly address Defendant's second argument.

B. *Defendant's Duty to Exercise Reasonable Care*

Defendant also challenges the third element of Plaintiff's premises liability claim, the duty element. Defendant argues it owed no duty to warn or make safe the premises—as it relates to size nubs—because they were an open and obvious danger. Doc. 22, Def.'s Br. 12. As evidence, Defendant points to Plaintiff's deposition testimony that she was not looking down and that she thinks she would have seen the nubs had she been looking where she was going. Doc. 23, Def.'s App. 14–15.

"A landowner 'is not an insurer of [a] visitor's safety.'" *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015) (quoting *Del Lago*, 307 S.W.3d at 769). Thus, "a landowner's duty to invitees is not absolute." *Id.* "[A] landowner owes no duty to protect an invitee against a dangerous condition that is open and obvious or known to the invitee . . . ." *Id.* at 201. Stated otherwise, a landowner has

"a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Id.* at 203. "This general rule is consistent with the reasons for imposing a duty on landowners in the first place." *Id.* "The landowner is typically in a better position than the invitee to be aware of hidden hazards on the premises, so the law mandates that the landowner take precautions to protect invitees against such hazards, to the extent the landowner should be aware of them." *Id.* "When the condition is open and obvious or known to the invitee, however, the landowner is not in a better position to discover it." *Id.*

Plaintiff's only response on this element is that "[j]ust before the incident, Defendant's own [employee] . . . failed to see the nubs as she walked down the area, picking up a pair of glasses in the surrounding area where Plaintiff slip [sic] and fell . . . ." Doc. 27, Pl.'s Resp. 5. Therefore, according to Plaintiff, "Defendant cannot claim that the nubs were open and obvious to Plaintiff while claiming that they were not obvious to [Defendant's employee]" who was trained to look for and pick up items off of the floor. *Id.* at 6.

The problem with Plaintiff's argument is that it assumes a fact for which Plaintiff has provided no evidence: that the nubs were actually present when Defendant's employee passed through the aisle seconds before Plaintiff. As noted above, Plaintiff has provided no evidence of how the nubs came to be on the floor or how long they had been there. Instead, Plaintiff assumes that because the nubs were on the floor after she fell, and because there was a very short period of time between when Defendant's employee walked down the aisle and when Plaintiff fell, the nubs must have been present when Defendant's employee walked down the aisle and the employee simply overlooked them. This is pure speculation, however, as Plaintiff has admitted she has no idea how long the nubs had been on the floor before she fell. Instead, the undisputed evidence demonstrates that no one saw

the nubs on the floor before Plaintiff fell, three colored nubs were observed on the white floor after Plaintiff fell, Plaintiff admits she thinks she would have seen the nubs had she been looking for them, an employee passing by the area seconds before did not observe any nubs on the floor, and employees trained to "recover" items from the floor completed walk-throughs of the store every 30 minutes that day. Plaintiff's attempt to raise a fact issue on the open-and-obviousness of the condition based on her naked speculation that the nubs were present but that Defendant just didn't see them does not satisfy her summary judgment burden. Because Plaintiff has presented no competent evidence to raise a fact issue as to whether the condition was open and obvious, thus negating Defendant's duty to make safe or warn of the alleged condition, summary judgment is also warranted on this basis.

## IV.

## CONCLUSION

For the reasons explained above, summary judgment is **GRANTED** for Defendant, and Plaintiff's premises liability[6] claim is **DISMISSED with prejudice**.[7] An order of final judgment will follow.

SO ORDERED.

SIGNED: May 26, 2017

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[6]To the extent Plaintiff attempted to plead a negligent activity cause of action, summary judgment is **GRANTED** on that claim as well, as Plaintiff's allegations sound only in premises liability, as explained above.

[7]Accordingly, the parties' motions in limine (Docs. 35 and 41) and Plaintiff's motion for an extension of time to file pre-trial documents (Doc. 39) are also **DENIED as moot** at this time.